UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT PERKINS,<br><br>Defendant. | Case No. 2:18-cr-00074-JAD-EJY<br><br>**ORDER** |

Before the Court is Defendant's Second Motion for Psychiatric or Psychological Examination and Report (ECF No. 79), filed under seal.

Title 18, United States Code, Sections 4241 permits counsel for the defense to file a motion at "any time after the commencement of a prosecution . . . to determine the mental competency of a defendant." The Court "shall grant the motion … if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id*.

Defendant's Motion is replete with evidence that Mr. Perkins suffers from significant, debilitating mental health issues, including schizophrenia, leading to a serious question regarding his competency. ECF No. 79 at 3-5. The Court finds that, based on the persuasive and thorough information provided, there is a preponderance of evidence that Mr. Perkins is presently suffering from a mental health disorder requiring a determination of his competency. Mr. Perkins' condition is deteriorating and an expedited process to obtain appropriate housing at a suitable facility is warranted. *Id*.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Second Motion for Psychiatric or Psychological Examination and Report (ECF No. 79), filed under seal, is GRANTED.

IT IS FURTHER ORDERED that, in accordance with 18 U.S.C. § 4241:

1. The United States Marshal's Service **shall expedite** transport of Defendant Robert Umajesty Perkins to a suitable Bureau of Prisons ("BOP") facility, closest to the Court that conducts psychiatric or psychological evaluations, for purposes of conducting an evaluation of Defendant to determine whether he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

2. Defendant shall be held in a BOP facility for a reasonable period of time, not to exceed thirty days, unless extended by further order of the Court for a period of up to a maximum of fifteen additional days, upon a showing of good cause by the director of the facility that the additional time is necessary to observe and evaluate Defendant. 18 U.S.C. § 4247(b).

3. The examination conducted pursuant to this Order shall be conducted by one or more licensed or certified psychiatrists or clinical psychologists. 18 U.S.C. § 4247(b).

4. A psychiatric or psychological report shall be prepared by the examiner designated to conduct the psychiatric or psychological examination. The person designated to conduct the psychiatric or psychological examination shall file the report, under seal, with the Court and provide copies to Rebecca Levy, Counsel for Defendant, and Jamie Mickelson, Assistant U.S. Attorney.

5. The report shall include:

   a. Defendant's history and present symptoms;

   b. A description of the psychiatric, psychological or medical tests that were employed and their results;

   c. The examiner's findings;

   d. The examiner's opinions concerning whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense.

IT IS FURTHER ORDERED that the Court sets a status hearing on this matter for September 28 at 3:00 p.m., in Las Vegas Courtroom 3D for the purpose of setting a date for a competency hearing.

Dated this 21st day of August, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE